Ryan A. Hamilton
CA BAR NO. 291349
HAMILTON LAW
5125 S. Durango Dr., Ste. C
Las Vegas, NV 89113
(702) 818-1818
(702) 974-1139 (fax)
ryan@hamlegal.com
*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

RICHARD N. BELL,

        Plaintiff,

vs.

STEVE STRICKHOLM; and
KNOWLEDGEDNA, INC.,

        Defendant.

Case No.:

**COMPLAINT**

**COMPLAINT**
**Summary of lawsuit**

1.    The Plaintiff, Richard N. Bell, took photograph of the Indianapolis Skyline in 2000 and the "Indianapolis photo" was registered with the U.S. Copyright office. In 2016, the Plaintiff discovered that the Defendants Steve Strickholm ("Strickholm") and KNOWLEDGEDNA, INC. ("kdna") had published the "Indianapolis photo" in advertising which appears on a website owned by Defendant Strickholm and kdna, even though the Defendant had no rights or authority to publish the Indianapolis Photo. The Plaintiff requests damages and injunctive relief against Defendant Strickholm and kdna for violations of the U.S. Copyright laws.

## JURISDICTION AND VENUE

2. This copyright infringement action arises under 17 U.S.C. § 101 et seq. This Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1338 (acts of Congress related to copyright).

3. This Court has personal jurisdiction over the Defendant by virtue of their transacting, doing, and soliciting business in this District, and because a substantial part of the relevant events occurred in this District and because a substantial part of the property that is the subject of this action is situated here.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because the named plaintiff Richard N. Bell resides in this district and because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; and/or conduct business in this district.

## PARTIES

5. The Plaintiff, Richard N. Bell is an attorney and a professional photographer and lives in McCordsville, Indiana.

6. Defendant KNOWLEDGEDNA, INC. ("kdna") is located at 27 West Anapamu, Santa Barbara, CA 93101 created a website with the domain name of knda.com by Steven Strickholm and kdna and conducts business in this district.

7. Defendant Steven Strickholm ("Strickholm") at 27 West Anapamu, Santa Barbara, CA 93101 created a website with the domain name of kdna.com and conducts business in this district.

## FACTS

8. In March 2000, the Plaintiff, a United States citizen, took a photograph of

downtown Indianapolis skyline from overlooking the canal from St. Clair Avenue.

9. The photograph is an original work that is copyrighted under United States law. A copy of the photo is attached as Exhibit A, hereinafter referred to as "Indianapolis Photo"

10. Since March 2000, the Plaintiff has either published or licensed for publication all copies of the Indianapolis Photo in compliance with the copyright laws and has remained the sole owner of the copyright.

11. Indianapolis Photo was first published on the World Wide Web on August 29, 2000 by the user's account on Webshots. It was recently published on a website created by the Plaintiff under the domain name: www.richbellphotos.com

12. The "Indianapolis Photo" was registered on August 4, 2011 with the United States Copyright Office and assigned Registration Number VA0001785115.

13. Plaintiff and others authorized by the Plaintiff have used the Indianapolis Photo in advertising to such an extent that the Indianapolis Photo is identified by the public as being created by the Plaintiff.

14. Plaintiff and others authorized by the Plaintiff have used the Indianapolis Photo in advertising to promote your photography business.

## COUNT I

### COPYRIGHT INFRINGEMENT AND UNFAIR COMPETITION

15. Defendants Strickholm and kdna created a website for the World Wide Web at kdna.com to promote and advertise its business and used the Indianapolis Photo on the website.

/ / /

16.     Defendants used the Indianapolis Photo to draw or attract prospective customers to Defendants' business.

17.     Defendant are liable to Plaintiff because they had the right and ability to control and supervise the content of kdna.com and to control and supervise the access of third-party Internet users to that website.

18.     Upon information and belief, Defendants Strickholm and kdna downloaded or took the Indianapolis Photo from the internet without permission from the owner, Richard N. Bell and copied on to a webserver controlled by the Defendant.

19.     In April 2016, the Plaintiff discovered through the computer program "Google images" displayed the Indianapolis Photo at https://www.kdna.com.com/Home/About

20.     Defendant Strickholm and kdna did not disclose the source of the stolen Indianapolis Photo or otherwise conferred credit to the owner; instead, Defendants willfully and recklessly falsely claimed that it owned the copyrights of all images and photos contained on the website of kdna.com including Indianapolis Photo and thereby disparaged the Plaintiff.

21.     During the year 2016, the website of Defendants Strickholm and kdna published the Indianapolis Photo for its commercial use without paying for said use and without obtaining the necessary authorization from the Plaintiff, the copyright owner.

22.     While the Defendants Strickholm and kdna will know the exact date of first publication, based upon the Plaintiff's investigation, during the year 2016, Defendant began publishing the Indianapolis Photo and used the Indianapolis Photo for their commercial use without paying for said use and without obtaining the necessary authorization from the Plaintiff.

23. The Defendants knew that they did not own Indianapolis Photo and knew the Defendants had not obtained the rights to publish the Indianapolis Photo, but recklessly and falsely represented to the world otherwise.

24. Defendants Strickholm and kdna has not paid anyone for the right to publish the Indianapolis Photo, but instead fraudulently declared that the Defendants owned the copyrights to the Indianapolis Photo.

25. Defendants refuse to pay for the unauthorized use of Indianapolis Photo.

26. Defendants have not agreed be enjoined from using the Indianapolis Photo.

27. Defendants have engaged in unfair trade practices and unfair competition in connection with its publication of the Indianapolis Photo, and that Defendants' publication of the Indianapolis Photo failed to designate the source of the stolen Indianapolis Photo or otherwise confer credit to the owner and thereby such conduct has disparaged the Plaintiff thus causing irreparable damage.

28. Defendants Strickholm and kdna continue infringing conduct which has caused and is causing substantial and irreparable injury and damage to Plaintiff in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving the Plaintiff with no adequate remedy at law.

29. There is a risk of infringing conduct which has caused and will likely cause substantial and irreparable injury and damage to Plaintiff in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving the Plaintiff with no adequate remedy at law.

30. After the Defendants published the Indianapolis Photo, Defendants permitted third parties to access to the webpage https://www.kdna.com/Home/About and copy the Indianapolis photo to third party Internet User's computers.

31.     Defendants Strickholm and kdna are vicariously liable for each such downloaded copy of the Indianapolis Photo initiated by each third party Internet User regardless of whether Defendants were aware that the third party was creating the downloaded copy.

32.     Defendants are liable for all profits resulting from each downloaded copy of the Indianapolis Photo created by each such third party Internet User.

33.     Defendants Strickholm and kdna are liable for copyright infringement regardless of whether Defendants knew that any use of the Indianapolis Photo would infringe copyrights Plaintiff owns.

34.     Plaintiff has complied in all respects with 17 U.S.C. §§ 101 et seq., and secured the exclusive rights and privileges in and to the copyrights of the above-referenced works.

35.     Plaintiff has been and still is the sole proprietor of all rights, title, and interest in and to the copyrights in their respective works as referenced above.

36.     Defendants Strickholm and kdna's conduct violates the exclusive rights belonging to Plaintiff as owner of the copyrights, including without limitation Plaintiff's rights under 17 U.S.C. § 106.

37.     Plaintiff seeks damages for Defendants' use of Plaintiff's advertising idea comprising the Indianapolis Photo.

38.     On information and belief, Plaintiff alleges that, as a direct and proximate result of their wrongful conduct, Defendants Strickholm and kdna have realized and continue to realize profits and other benefits rightfully belonging to Plaintiff. Accordingly, Plaintiff seek an award of damages pursuant to 17 U.S.C. §§ 504 and 505.

39.   Defendants' infringing conduct has also caused and is causing substantial and irreparable injury and damage to Plaintiff in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving the Plaintiff with no adequate remedy at law.

40.   Plaintiff seeks an injunction to enjoin Defendants from "republishing" any of his copyrighted materials that, if granted, would require that the Indianapolis Photo not be available on https://www.kdna.com/Home/About which would thereby make it impossible for third-party Internet users to download copies of the Indianapolis Photo from said webpage.

41.   Defendant Strickholm and kdna have willfully and deliberately engaged in, and, are willfully engaging in, the acts complained of with oppression, fraud, and malice ("Acts") and in conscious disregard of the rights of Plaintiff. Plaintiff is, therefore, entitled to the maximum statutory damages allowable.

42.   Examples of these willful and deliberate Acts, include but are not limited to the following:

   a.  Defendants downloaded or took the Indianapolis Photo from the internet and included said photo on the Defendant's website.
   b.  Defendants failed to designate the source of the stolen Indianapolis Photo or otherwise confer credit to the owner.
   c.  Defendants recklessly, willfully and falsely asserted that the Defendant owned the copyrights of all content, images and photos contained in the Defendants' website including Indianapolis Photo.

7

    d. Defendants knew that it did not own Indianapolis Photo and knew the Defendants had not obtained the rights to publish the Indianapolis Photo, but deliberately and falsely represented to the world otherwise.

    e. Defendants have not paid anyone for the right to use Indianapolis Photo, but instead fraudulently declared that the Defendants owned the copyrights to the Indianapolis Photo.

43. As a consequence of this dispute between the parties as to the rights, title, and interest in the copyrighted articles described above, and pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, Plaintiff also seek a resolution of this ongoing controversy by a declaration of this Court as to the rights of the respective parties in this matter.

THEREFORE, Plaintiff prays for judgment against Defendants Strickholm and kdna as follows:

    a. Declaring that Defendants' unauthorized conduct violates Plaintiff's rights under common law and the Federal Copyright Act;

    b. Immediately and permanently enjoining Defendants Strickholm and kdna their members, officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them from copying and republishing any of Plaintiff's copyrighted articles or copyrighted material without consent or otherwise infringing Plaintiff's copyrights or other rights in any manner;

    c. Enjoin Defendants from "republishing" any of your copyrighted materials that, if granted, would require that the Indianapolis Photo not be available on kdna.com which would thereby make it impossible for third party Internet users to download copies of the Indianapolis Photo from said webpage.

    d. Ordering Defendants Strickholm and kdna to account to Plaintiff for all gains, profits, and advantages derived by Defendant, and third party users by their infringement of Plaintiff's copyrights or such damages as are proper, and since Defendants intentionally infringed plaintiff's

8

      copyrights, for the maximum allowable statutory damages for each violation;

e. Awarding Plaintiff actual and/or statutory damages for Defendant copyright infringement in an amount to be determined at trial;

f. Awarding Plaintiff their costs, reasonable attorneys' fees, and disbursements in this action, pursuant to 17 U.S.C. § 505; and

g. Awarding Plaintiff such other and further relief as is just and proper.

                        Respectfully Submitted:

DATED this 6th day of July, 2016.

                        Respectfully submitted,

By: _____
RYAN A. HAMILTON, ESQ.
CA BAR NO. 291349
HAMILTON LAW
5125 S. Durango Dr., Ste. C
Las Vegas, NV 89113
(702) 818-1818
(702) 974-1139
ryan@hamlegal.com
*Attorney for Plaintiff*